# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CHRIS GROSVENOR,**

          **Plaintiff,**

**-vs-**                              **Case No. 6:08-cv-959-Orl-31DAB**

**GROSVENOR BUILDING SERVICES, INC.,**

          **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AS STIPULATED FINAL JUDGMENT (Doc. No. 19)**
>
> **FILED:** March 6, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action

for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on March 11, 2009 with counsel for Plaintiff present and counsel for Defendant appearing by phone.

Based on Plaintiff's Responses to Court Interrogatories (Doc. No. 14-2), Plaintiff was employed by Defendants as a porter to clean and sanitize the premises of the building. The amount of overtime to which Plaintiff was entitled was disputed by both sides, with Plaintiff originally seeking approximately $8,120 based on average alleged overtime of 16 hours per week for 70 weeks; plus liquidated damages of an equal amount. Doc. No. 14-2. At the hearing, Plaintiff's counsel explained that once the time records were received and analyzed, Plaintiff was compensated for all of the hours due, however, compensation was at the straight time rate. Thus, Plaintiff's claim was reduced to only the half-time that had not been paid. The $1,700 paid to Plaintiff in settlement was in excess of the amount owed based on the complete time records.

The parties have agreed that Defendant will pay Plaintiff's attorneys $3,366.31 in attorney's fees and costs. Because there was no compromise in the actual claim based on the actual time records and Plaintiff has received the full amount sought for wages and liquidated damages, the Court will not review the reasonableness of the agreed amount of attorney's fees and costs. The settlement to Plaintiff of $1,700 in unpaid wages and liquidated damages represents the full amount of the revised principal amount Plaintiff sought. It is **RECOMMENDED** that the settlement of $1,700 for wages and liquidated damages and $3,366.31 for attorney's fees and costs be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 13, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy